**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ASHLEY PONCE** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO.________________** |
| | § | |
| **COMMUNITY ACTION** | § | |
| **CORPORATION OF SOUTH TEXAS,** | § | |
| **AND JIM WELLS COUNTY, TEXAS** | § | |
| *Defendants* | § | |
| | § | **JURY TRIAL DEMANDED** |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **ASHLEY PONCE,** referred to herein as Plaintiff, complaining of Defendants **COMMUNITY ACTION CORPORATION OF SOUTH TEXAS and JIM WELLS COUNTY, TEXAS**, hereinafter called Defendants, and for cause of action, would respectfully show unto the Court and jury the following:

## I.

## NATURE OF THE CASE

**THE CLAIM:** Plaintiff brings this action pursuant to 42 U.S.C. §1983 against Defendants Community Action Corporation of South Texas ("CACST") and Jim Wells County, Texas seeking redress for the egregious and deliberate indifference to her health and well-being during her confinement at the Jim Wells County Jail, leading to severe physical and emotional harm due to the mishandling of her expired pregnancy. Plaintiff seeks redress for the violation of her rights and the rights of her unborn child under the Fourteenth Amendment to the United States Constitution.

**II.**

**PARTIES**

1. Plaintiff **ASHLEY PONCE** is a resident of Jim Wells County, Texas.
2. Defendant **JIM WELLS COUNTY, TEXAS** is a political subdivision of the State of Texas and the Jim Wells County Jail is an agency operated thereunder, under the purview of the Jim Wells County Sheriff's Office.
3. The JIM WELLS COUNTY SHERIFF'S OFFICE is funded and operated by the JIM WELLS COUNTY COMMISSIONERS COURT. County Judge Pedro "Pete" Trevino, Jr. is the Chief Executive of Jim Wells County, Texas.
4. County Judge Trevino and the Jim Wells County Commissioners Court are responsible for implementing the policies and decisions of the Jim Wells County Sheriff's Office.
5. County Judge Trevino and the Jim Wells County Commissioners Court are tasked with appropriating, reviewing, and implementing the Jim Wells County Sheriff's Office budget, policies, procedures, practices, and customs, including the acts and omissions related thereto, at issue in this lawsuit.
6. Sheriff Danny Bueno is the elected sheriff of Jim Wells County, Texas and the primary policymaker tasked with creating, implementing, and reviewing the Jim Wells County Sheriff's Office's policies, procedures, practices, and customs.
7. JIM WELLS COUNTY, TEXAS may be served by and through County Judge Pete Trevino, Jr., at the Jim Wells County Courthouse, 200 N. Almond St., Ste. 101. Alice, Texas 78332, or wherever he may be found.
8. Defendant **COMMUNITY ACTION CORPORATION OF SOUTH TEXAS** is a domestic non-profit corporation under the laws of the State of Texas, and at all times material herein was a medical provider to Plaintiff and her unborn child, acting as the medical arm of the Jim Wells County Jail with respect to Plaintiff's pregnancy. Defendant Community Action Corporation of South Texas may be served through its registered agent, Ann E. Awalt, at 204 E. First St., Alice, TX 78332.

**III.**

**JURISDICTION**

9. The subject matter in controversy and damages sought are within the jurisdictional limits of this Court.
10. This Court also has jurisdiction over this suit under 42 U.S.C. § 1983.
11. Venue is also appropriate in the Southern District of Texas pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in Jim Wells County, Texas, which is in the Corpus Christi Division of the Southern District of Texas.

## IV.

## FACTS AND ALLEGATIONS

12. In October 2021, Plaintiff was incarcerated at Jim Wells County Jail.
13. On 12 October 2021, Plaintiff's urine tested positive for pregnancy (HCG). Prior to that date, Plaintiff had been pregnant more than ten times; and thus knew her body extremely well, especially with respect to pregnancy.
14. On or about 26 October 2021, a nurse employed by Defendant Community Action Corporation of South Texas reported Plaintiff's pregnancy to the Texas Health and Human Services Commission for Medicaid administration and notified WIC that Plaintiff was under their Maternity Services.
15. On 31 October 2021, Plaintiff told a jailer employed by Defendant Jim Wells County that she was having pain. Thereafter, she was sent to the hospital for treatment of a UTI.
16. Subsequently, Plaintiff experienced contractions and was transported to Christus Spohn ER -- Alice on 1 November 2021.
17. On information and belief, Plaintiff was placed into solitary confinement sometime between 31 October 2021 and 17 November 2021. At some point during that period of time, Plaintiff experienced "spotting and asked one of the Jim Wells County jailers for a sanitary napkin, which she filled up with blood. Plaintiff recalls the jailer telling her that she was being "dramatic" with respect to her concern about the bleeding during the pregnancy.
18. Medical records dated 12 November 2021 from Jim Wells County Medical Department indicated special dietary requirements for Plaintiff during pregnancy.
19. On information and belief, at various times throughout the pregnancy, Plaintiff experienced vaginal bleeding.

20. On 17 November 2021, Defendant CAWC nurse Elva B. Torres, NP, ordered prenatal tests, noted Plaintiff's high-risk pregnancy status, and scheduled an ultrasound for 19 November 2021. Plaintiff's estimated delivery date was noted as 17 May 2022.
21. At the visit on 17 November 2021, on information and belief, Plaintiff heard her baby's heartbeat, which was very strong and clear. Moreover, Plaintiff confirmed with the doctor that everything with the baby was good.
22. Regrettably, on information and belief, an ultrasound on or about 19 November 2021 revealed the tragic demise of Plaintiff's fetus within her womb. On information and belief, the results of that ultrasound were provided to Defendant Community Action Corporation of South Texas. Plaintiff was also provided a pill – for which she was not required to sign – but is unsure what the purpose of that pill was.
23. Despite knowledge of the fetus having expired, Plaintiff was returned to Jim Wells County Jail and left with the expired fetus inside her womb for an estimated 7 to 10 days, without appropriate medical intervention by Defendants Jim Wells County, Texas and Community Action Corporation of South Texas.
24. On information and belief, Ms. Ponce saw Nurse Torres on 1 December 2021 and was then informed that she had miscarried her child.
25. Defendant Community Action Corporation of South Texas failed to provide necessary medications or procedures to ensure the passage of the expired fetus from Plaintiff's womb, exposing her to significant health risks like sepsis and extraordinary mental distress.
26. Defendant Jim Wells County, Texas at all times material herein had the statutory duty to ensure Ms. Ponce had her serious medical needs recognized and tended to irrespective of whether that statutory duty was attempted to be accomplished by a third-party, here Defendant Community Action Corporation of South Texas.

## V.

## CAUSES OF ACTION

### COUNT ONE
### Fourteenth Amendment § 1983 *Monell* Claim against the Jim Wells County, Texas and Community Action Corporation of South Texas

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-21 above as though fully delineated below with respect to each cause of action.

## Theory of Liability

28. Plaintiff advances an *episodic act or omission theory* in the present case.
29. "When a Plaintiff pursues an episodic-acts-or-omissions theory, [s]he seeks to redress harms arising from "the particular act of one or more officials…"[5]
30. "The test for establishing municipal liability in an episodic-act-or-omission case is settled:

> [A] [plaintiff] must show (1) that the municipal employee violated [the pretrial detainee's] clearly established constitutional rights with subjective deliberate indifference;…(2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference[; and (3)] either written policy statements, ordinances, or regulations or a widespread practice that is so…well-settled as to…fairly represent [] municipal policy that was the moving force behind the violation.[6]

31. Plaintiff contends that she prevails under an episodic act or omission theory, incorporating all paragraphs preceding and following this paragraph in proof thereof.

## Facts Supporting the Theory of Liability

32. The Defendants, in combination and individually, acting under color of law and pursuant to the policies, customs, and/or practices of Jim Wells County, Texas, deprived Ashley Ponce of the rights and privileges afforded her under the Fourteenth Amendment to the United States Constitution, as well as those afforded under other laws of the United States.
33. This deprivation occurred when Defendants Jim Wells County, Texas and Community Action Corporation of South Texas, in combination and individually, failed to provide adequate and proper medical treatment to Ashley Ponce; failed to provide her medication to assist the passage of her expired fetus; and through deliberate indifference to her obvious, serious medical needs.

---

[5] *Walker v. Pohlmann,* 2021 U.S. Dist. LEXIS 116991, at 14 (E.D. La. 2021) (citing *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019)).
[6] *Id.*, at 25.

34. This deprivation violated 42 U.S.C. § 1983, the stated amendments to the U.S. Constitution, and related federal laws.
35. Through official, unofficial, and statutorily mandated policies, and with ***deliberate, callous and conscious indifference*** to Ms. Ponce's constitutional rights, Defendants, in combination and individually, failed to practice and/or implement policies and/or did practice and/or implement policies, customs, and/or practices necessary to ensure the provision of constitutionally adequate medical services to Ms. Ponce during the time she was in the Jim Wells County Jail before the loss of her fetus.
36. Defendants, in combination and individually, instead followed, practiced, and implemented de facto policies, customs, and/or practices that prevented Ms. Ponce from getting the medical treatment she needed to avoid losing her fetus and retaining the expired fetus inside her for over a week's time.
37. Moreover, the conditions complained of and the direct and proximate cause of the loss of Ms. Ponce's fetus were not reasonably related to any legitimate governmental objective. There is no legitimate governmental objective in failing to provide dilation and curettage (commonly referred to as a "D&C") or mifepristone or other like medication; and/or in failing to train jailers on the signs and symptoms of vaginal bleeding and the dangers to the mother and fetus of such bleeding during a pregnancy.
38. The elements of a cause of action under § 1983 against a governmental entity (here, Defendant Jim Wells County, Texas) are as follows:
    a. Plaintiff is deprived of rights under the U.S. Constitution;
    b. Said deprivation is caused by a person acting under color of state law;
    c. The governmental entity adopted, or failed to adopt, a policy statement, ordinance, regulation, or decision adopted and promulgated by the governmental entity's lawmaking officers or by an official to whom the lawmakers delegate law-making authority or a persistent, widespread practice of officials or employees of the governmental entity which, though not authorized or officially adopted and promulgated, the policy is so common and well settled as to constitute a custom that fairly represents policy of the governmental entity; and
    d. The governmental entity was deliberately indifferent to the party's constitutional rights.

39. To prove a claim of deliberate indifference, a pretrial detainee is required to show "(1) the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) the official actually drew that inference."[7]
40. Deliberate indifference is proven when a plaintiff makes evident that officials "refused to treat him…or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[8]
41. The "substantial risk" must be obvious in order to infer the official denying medical care had actual knowledge of the risk.[9] "Negligent or even a grossly negligent response to a substantial risk of harm" is insufficient to support an inference of deliberate indifference.[10]
42. "[A] prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious."[11]
43. A plaintiff may prove the official's requisite knowledge of a substantial risk in the customary manner any other question of fact may be proven, including via inference from circumstantial evidence.[12]
44. Serious medical needs are those needs for which a treatment regimen has been recommended or those for which the need for care is so apparent that laymen (i.e., non-medical personnel) recognize that treatment is necessary.[13]
45. The facts which substantiate that the elements of § 1983 have been met were previously delineated above, however they are summarized below:
    a. Ms. Ponce told Jim Wells County jailers, on information and belief, that she was experiencing vaginal bleeding during her pregnancy and had filled up a sanitary napkin with blood;
    b. Both Defendants Jim Wells County, Texas and CACST failed to order or administer a D&C and/or mifepristone after the determination that Ms. Ponce's fetus had expired or was otherwise no longer viable;

[7] *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (quoting *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 755 (5th Cir. 2001).
[8] *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)).
[9] *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006).
[10] *Thompson v. Upshur Cty.*, 245 F.3d 447, 458-59 (5th Cir. 2001).
[11] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).
[12] *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).
[13] *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006).

c. Allowing Ms. Ponce to languish in jail for seven to ten days with an expired fetus inside her;

d. Failing to train jailers on prenatal issues and risks to the fetus and import of bleeding and other conditions;

e. Failing to maintain policies and procedures for the safekeeping of pregnant inmates with respect to training on and provision of prenatal needs and dangers.

46. Defendants Jim Wells County, Texas and CACST, in combination and as individual defendants, as applicable, intentionally and with deliberate indifference, deprived Ms. Ponce of her clearly established federal constitutional rights, including but not limited to:

a. Ms. Ponce's right to reasonably safe conditions of confinement; and

b. Ms. Ponce's right to receive proper medical services and medications for any serious medical conditions.

47. Defendants Jim Wells County, Texas and CACST, each had an affirmative duty to make sure that Ms. Ponce received the medical treatment she so desperately needed, yet they all failed to ensure that happened. All of the Defendants' actions far exceeded mere negligence, as the staff was made aware of her medical needs but neglected to follow reasonable procedures to ensures she received treatment; at least two of the Defendants' jailers, agents, and medical personnel ***observed*** her bleeding and neither assisted her nor got her medical treatment. Her serious medical needs were obvious to Jim Wells County, Texas and CACST.

48. Notwithstanding her obvious needs, each defendant consciously elected not to ensure that Ms. Ponce received constitutionally adequate medical treatment.

49. At all times material hereto, the Jim Wells County Sheriff's Office was in control of and operation of the Jim Wells County Jail.

50. Ms. Ponce was in serious need of medical treatment; a fact of which Defendants were well aware, as she both told them she needed treatment and received an ultrasound indicating the baby might be in distress or may have expired. Notwithstanding this knowledge, the Defendants willfully and maliciously refused to get Ms. Ponce medical treatment for the seven to ten days she languished with the expired fetus inside her.

51. The Defendants' constitutional duty was breached when they failed to provide basic human and medical needs to a pregnant inmate in their custody, acting with deliberate indifference

and subjective recklessness to Ms. Ponce's obvious medical requirements, of which they and their jailers had subjective knowledge.

52. The Defendants, in combination and individually, made the conscious decision, in adherence to the policies, customs, and/or practices of the Jim Wells County, Texas and/or their woefully inadequate training, to fail to provide Ms. Ponce with medical treatment, as required by the United States Constitution.
53. Plaintiff incorporates by reference all of the foregoing and further alleges the following:
54. The conduct of Defendants Jim Wells County and CACST constituted deliberate indifference to Ms. Ponce's obvious, serious medical needs.
55. At all material times, Defendants Jim Wells County and CACST acted under color of state law, as agents of Jim Wells County, Texas, as they worked in tandem to provide inmates medical care.
56. Defendants' agents were acting in the course and scope of their employment as jailers and/or medical personnel, respectively, employed by Jim Wells County, Texas and/or CACST during the time that they failed and refused to treat Ms. Ponce's serious medical needs.
57. Sheriff Danny Bueno is and was Defendant Jim Wells County, Texas's policymaker for all matters related to the Jim Wells County Jail, having been delegated the policymaking authority by the Jim Wells County Commissioners Court.
58. Consequently, Jim Wells County, Texas and CACST had or ratified the following policies, customs, and/or practices in place when Ms. Ponce lost her child:
    a. Failing to train jailers on general prenatal medical issues;
    b. Failing to order or administer a D&C and/or mifepristone after the determination that the patient's fetus had expired or was otherwise no longer viable;
    c. Failing to have policies and procedures in place for the proper healthcare of pregnant inmates; and
    d. Failing to train jailers on prenatal issues and risks to the fetus and import of bleeding and other conditions;
59. Defendant Jim Wells County, Texas command staff, on information and belief, consistently reviewed such policies and found no issue with them. Jim Wells County, Texas approved and encouraged such conduct, as such conduct was also participated in by the

Sheriff, on information and belief, by virtue of the fact that the Jim Wells County Jail keeps few female inmates, if any at all, on information and belief.

60. Defendants, in adherence to an in conformity with the above-listed policies, all of which coalesced to cause the divestiture of Ms. Ponce's constitutional rights.

61. Sheriff Bueno and his command staff were all deliberately indifferent to the natural by-products of these policies, practices, and/or customs, of which he was aware, authorized, ratified, accepted, exacerbated, and encouraged, instead of rectifying them and ensuring further civilians were not hurt by them.

62. Sheriff Bueno was actually aware of facts from which any reasonable policymaker could draw the inference that a substantial risk of serious harm and violation of constitutional rights existed, and actually drew that inference.

63. Sheriff Bueno knew it was clear that a constitutional violation was a very likely outcome of the ratification, adoption, and promotion of these policies. Sheriff Bueno and his command staff knew or should have known that failing to train jailers on general prenatal medical issues; failing to order or administer a D&C and/or mifepristone after the determination that the patient's fetus had expired or was otherwise no longer viable; failing to have policies and procedures in place for the proper healthcare of pregnant inmates; and failing to train jailers on prenatal issues and risks to the fetus and import of bleeding and other conditions; would cause Jim Wells County, Texas employees to routinely and continuously violate the constitutional rights of Jim Wells County residents. Sheriff Bueno continued operating under these policies in spite of his knowledge of the deficiencies of his training program and supervision of peace officers.

64. Each of the policies listed, *supra*, was actually known, constructively known, and/or ratified by the Jim Wells County Sheriff's Office and its policymakers, including Sheriff Danny Bueno, and was promulgated with deliberate indifference to Ms. Ponce's rights under the United States Constitution and the rights of all others making contact with the Jim Wells County, Texas peace officers. The policymakers of the Jim Wells County, Texas PD knew that their officers would continuously be put in situations wherein constitutional violations like those aforementioned in this complaint would occur. These policies made it highly likely that such constitutional violations as those previously described would occur, under color of state law.

65. All previously mentioned policies were a moving force of Ms. Ponce's constitutional deprivations and injuries, causing her to lose her fetus and/or languish with her expired fetus inside her for seven to ten days, tragically and unnecessarily.

## VIII.
## DAMAGES

66. Ms. Ponce repeats and re-alleges each and every allegation contained in the above paragraphs as though fully delineated below.
67. Plaintiff seeks monetary relief and for judgment of all the other relief to which she deems herself entitled.
68. Ms. Ponce's injuries were foreseeable and directly and proximately caused by the constitutionally inadequate medical treatment she received.
69. Ms. Ponce is thus entitled to recover all actual damages allowed by law. The Defendant's conduct shows malice, wanton disregard, and reckless or deliberate indifference to Plaintiff's constitutional rights.
70. As a direct and proximate result of the occurrence underlying this lawsuit, Mr. Sloan suffered:
    a. Physical injuries, including impairment;
    b. Physical pain and suffering;
    c. Emotional distress, torment, and mental anguish; and
    d. Reasonable and necessary medical care to treat her injuries in the past and future.

71. Plaintiff seeks to recover reasonable attorney's fees and costs of court, pursuant to 42 U.S.C. § 1983 and § 1988.

## IX.
## ATTORNEY'S FEES

72. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. §1988.

## X.
## JURY DEMAND

73. Plaintiff respectfully requests a jury trial in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against all Defendants, for an amount in excess of the jurisdictional minimum of this Court.

Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully Submitted,

**WEBB CASON & MANNING, P.C.**
710 Mesquite Street
Corpus Christi, Texas 78401
Telephone: (361) 887-1031
Facsimile: (361) 887-0903

***/s/ Matthew S. Manning***
MATTHEW S. MANNING
State Bar No.: 24075847
Southern Dist. ID No. 3504172
General Correspondence Email:
E: matt@wcctxlaw.com

ATTORNEY FOR ASHLEY PONCE